United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AGUSTIN JESUS NEVAREZ,

    Petitioner,

    v.

BRENDA CASH, Warden,

    Respondent.
_____/

No. C 11-0974 PJH

**ORDER TO SHOW CAUSE**

Petitioner Agustin Jesus Nevarez ("Nevarez"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

A jury in the Santa Clara County Superior Court convicted Nevarez of two counts of forcible lewd acts upon a child under California Penal Code § 288(b)(1), and two counts of forcible sexual penetration by a foreign or unknown objection under California Penal Code § 289(a)(1). The jury further found true the "one strike" allegations that Nevarez had kidnapped a victim and that he had committed the offenses against multiple victims. The court sentenced Nevarez to forty years to life in prison.

Nevarez appealed to the California Court of Appeal, which affirmed his conviction and sentence on September 1, 2009. The California Supreme Court denied review on December 2, 2009. Nevarez filed the instant petition on March 2, 2011.

## DISCUSSION

**A.    Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Nevarez raises three claims for federal habeas relief, including:

(1) that his Fourteenth Amendment due process rights were violated because there was insufficient evidence that one of the victims, Anabel Doe, accompanied Nevarez "against her will," a necessary element of kidnapping under California law;

(2) that his Fourteenth Amendment due process rights were violated because there was insufficient evidence that he forcibly raped either of the two victims; and

(3) that his Fourteenth Amendment due process rights were violated when the prosecutor misstated and invented evidence during his closing argument.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner is ordered to pay the filing fee required in habeas cases.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

3.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by

the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: March 11, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge